UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GREG HOLLAND,

                         Plaintiff,

     -against-

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

                        Defendants.
-----------------------------------------------------------x

ANSWER

Index No. 18 Civ. 6697

     Defendants, THOMAS MATOS, NANCI MATOS and BESTLIFE GIFTS LLC , by their attorneys Jacobowitz & Gubits, as and for their Verified Answer in this action, respectfully alleges:

## NATURE OF THE ACTION

     1.     Deny each and every allegation set forth in paragraph 1 of the plaintiff's Complaint.

     2.     Deny each and every allegation set forth in paragraph 2 of the plaintiff's Complaint.

     3.     Deny each and every allegation set forth in paragraph 3 of the plaintiff's Complaint.

     4.     Deny each and every allegation set forth in paragraph 4 of the plaintiff's Complaint.

     5.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of plaintiff's Complaint.

     6.     Admit the allegations set forth in paragraph 6 of Plaintiff's Complaint.

     7.     Admit the allegations set forth in paragraph 7 of Plaintiff's Complaint.

     8.     Admit the allegations set forth in paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

     9.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of plaintiff's Complaint.

10.     Admit the allegations set forth in paragraph 10 of Plaintiff's Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of plaintiff's Complaint.

12.     Deny each and every allegation set forth in paragraph 12 of the plaintiff's Complaint.

13.     Admit the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.     Deny each and every allegation set forth in paragraph 14 of the plaintiff's Complaint.

15.     Admit the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.     Admit the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.     Admit in paragraph 17 that money was wired but deny knowledge or information sufficient to form a belief as to the exact amount.

18.     Deny each and every allegation set forth in paragraph 18 of the plaintiff's Complaint.

19.     Deny each and every allegation set forth in paragraph 19 of the plaintiff's Complaint.

20.     Admit the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.     Admit in paragraph 21 a friendly relationship but denies the remainder of the allegations.

22.     Admit in paragraph 22 a decline in business but deny knowledge or information sufficient to form a belief as to the precise amount.

23.     Deny each and every allegation set forth in paragraph 23 of the plaintiff's Complaint.

24.     Deny each and every allegation set forth in paragraph 24 of the plaintiff's Complaint.

25.     Admit the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26.     Deny the allegations in paragraph 26 except admit that Holland had an

extramarital affair.

27.     Deny each and every allegation set forth in paragraph 27 of the plaintiff's Complaint.

28.     Deny each and every allegation set forth in paragraph 28 of the plaintiff's Complaint.

29.     Admit the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.     Deny each and every allegation set forth in paragraph 30 of the plaintiff's Complaint.

31.     Deny each and every allegation set forth in paragraph 31 of the plaintiff's Complaint.

32.     Deny each and every allegation set forth in paragraph 32 of the plaintiff's Complaint.

33.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of plaintiff's Complaint.

34.     Deny each and every allegation set forth in paragraph 34 of the plaintiff's Complaint.

35.     Deny each and every allegation set forth in paragraph 35 of the plaintiff's Complaint.

36.     Deny each and every allegation set forth in paragraph 36 of the plaintiff's Complaint.

37.     Deny each and every allegation set forth in paragraph 37 of the plaintiff's Complaint.

38.     Admit the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.     Deny each and every allegation set forth in paragraph 39 of the plaintiff's Complaint.

40.     Deny each and every allegation set forth in paragraph 40 of the plaintiff's Complaint.

41.     Deny each and every allegation set forth in paragraph 41 of the plaintiff's

Complaint.

42.     Deny each and every allegation set forth in paragraph 42 of the plaintiff's
Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the precise date.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Defendants Thomas Matos and Nanci Matos)

44.     Defendants repeat, reiterate and reallege each and every allegation contained
in paragraphs "1" through "43" of Defendants' Answer as if more fully set forth at length herein.

45.     Deny each and every allegation set forth in paragraph 45 of the plaintiff's
Complaint.

46.     Deny each and every allegation set forth in paragraph 46 of the plaintiff's
Complaint.

47.     Deny each and every allegation set forth in paragraph 47 of the plaintiff's
Complaint.

## SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duties Against Defendants Thomas Matos and Nanci Matos)

48.     Defendants repeat, reiterate and reallege each and every allegation contained
in paragraphs "1" through "47" of Defendants' Answer as if more fully set forth at length herein.

49.     Deny knowledge and information sufficient to form a belief as to the truth of
the allegations set forth in paragraph 49 of plaintiff's Complaint.

50.     Deny each and every allegation set forth in paragraph 50 of the plaintiff's
Complaint.

51.     Deny each and every allegation set forth in paragraph 51 of the plaintiff's
Complaint.

52.     Deny each and every allegation set forth in paragraph 52 of the plaintiff's
Complaint.

## THIRD CLAIM FOR RELIEF
### (Breach of Manager Duties Against Thomas Matos and Manci Matos)

53.     Defendants repeat, reiterate and reallege each and every allegation contained

in paragraphs "1" through "53" of Defendants' Answer as if more fully set forth at length herein.

54. Deny each and every allegation set forth in paragraph 54 of the plaintiff's Complaint.

55. Deny each and every allegation set forth in paragraph 55 of the plaintiff's Complaint.

56. Deny each and every allegation set forth in paragraph 56 of the plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
### (Production of Books and Records Against Defendants Thomas Matos and Nanci Matos)

57. Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "56" of Defendants' Answer as if more fully set forth at length herein.

58. Admit the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59. Admit the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Deny each and every allegation set forth in paragraph 60 of the plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### (Accounting Against Defendants Thomas Matos and Nanci Matos)

61. Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "60" of Defendants' Answer as if more fully set forth at length herein.

62. Deny each and every allegation set forth in paragraph 62 of the plaintiff's Complaint.

63. Deny each and every allegation set forth in paragraph 63 of the plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
### (Unfair Competition Against All Defendants)

64. Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "64" of Defendants' Answer as if more fully set forth at length herein.

65. Deny each and every allegation set forth in paragraph 65 of the plaintiff's Complaint.

66.     Deny each and every allegation set forth in paragraph 66 of the plaintiff's Complaint.

67.     Deny each and every allegation set forth in paragraph 67 of the plaintiff's Complaint.

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment)

68.     Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "67" of Defendants' Answer as if more fully set forth at length herein.

69.     Deny each and every allegation set forth in paragraph 69 of the plaintiff's Complaint.

70.     Deny each and every allegation set forth in paragraph 70 of the plaintiff's Complaint.

### AS AND FOR A FIRST COUNTERCLAIM FOR BREACH OF CONTRACT

71.     Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "70" of Defendants' Answer as if more fully set forth at length herein.

72.     Pursuant to the Operating Agreement, Greg Holland, together with Thomas Matos and/or Nanci Matos could make all normal expenditures for day-to-day operations and for the payment of normal operating expenses including but not limited to utility bills, taxes, etc.

73.     Greg Holland was responsible for filing the taxes for Ministry Ideaz, LLC.

74.     Greg Holland failed to file the required taxes.

        The failure to file taxes was a breach of the Operating Agreement.

75.     Greg Holland misappropriated funds.

76.     Greg Holland failed to maintain proper books, records and wage reports for Ministry Ideaz, LLC.

77.     The defendants have suffered a loss of their investment by reason of such breaches and have been damaged in a sum not less than $100,000.00.

### AS AND FOR A SECOND COUNTERCLAIM FOR BREACH OF FIDUCIARY

78.     Defendants repeat, reiterate and reallege each and every allegation contained

in paragraphs "1" through "77" of Defendants' Answer as if more fully set forth at length herein.

79.     Greg Holland owed a fiduciary duty, including the duty of loyalty, to act in the best interests of the company and to not waste or divert company assets.

80.     From the formation of the company, the plaintiff breached his duty by misappropriating company funds for his own benefit.

81.     The plaintiff was subject to disfellowship.

82.     Disfellowship is a breach of fiduciary duty owed between these parties.

83.     Disfellowship negatively affected the business entered into between the parties.

84.     As a result of these breaches, the defendants have suffered damages not less than $100,000.00.

## AS AND FOR A THIRD COUNTERCLAIM FOR BREACH OF MANAGER DUTIES

85.     Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "84" of Defendants' Answer as if more fully set forth at length herein.

86.     The plaintiff has violated §409 of the New York Limited Liability Company Law by failing to perform his duties as a manager in good faith and with that degree of care that an ordinarily prudent person in a like position would use under similar circumstances.

87.     The defendants have been irreparably harmed by the wrongful acts of the plaintiff.

88.     The defendants demand that the plaintiff be removed as a manager of Ministry Ideaz.

89.     The defendants demand that the plaintiff be required to account for the losses and damages the defendants have incurred.

90.     The defendants demand that the plaintiff be directed to restore the amount of their respective losses as established at trial.

## AS AND FOR A FOURTH COUNTERCLAIM FOR RELIEF

91.     Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "90" of Defendants' Answer as if more fully set forth at length herein.

92.     The New York Limited Liability Company law entitles members to examine the

books and records of a company.

93.    The defendants demand an inspection of the books and records maintained by the plaintiff.

## AS AND FOR A FIFTH COUNTERCLAIM FOR RELIEF

94.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "93" of Defendants' Answer as if more fully set forth at length herein.

95.    The plaintiff has breached his duty to the defendants by failing to account for his intake and expenditure of company funds.

96.    The defendants seek an order requiring the plaintiff to make a full accounting of all intake and expenditure of company funds.

## AS AND FOR A SIXTH COUNTERCLAIM FOR UNFAIR COMPETITION

97.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "96" of Defendants' Answer as if more fully set forth at length herein.

98.    The March 5, 2018 agreement between the parties hereto was not procured by duress.

99.    The March 5, 2018 agreement between the parties hereto was not procured by undue influence.

100.    The March 5, 2018 agreement between the parties hereto was not procured by extortion.

101.    The defendants seek a determination that the March 5, 2018 agreement is valid.

WHEREFORE, it is respectfully requested that the complaint be dismissed, that the counterclaims be granted in their entirety, together with interest, costs and disbursements of this

action, and for such other and further relief as to this Court may seem just, proper and equitable.

Dated: August 23, 2018
        Walden, New York

Yours, etc.,

ROBERT M. LEFLAND, ESQ. (RL6058)
JACOBOWITZ & GUBITS, LLP
*Attorneys for Defendants*
158 Orange Avenue
P.O. Box 367
Walden, New York 12586
Tel. (845) 778-2121
rml@jacobowitz.com

TO:    JACK A. GORDON, ESQ.
       JOSHUA B. KATZ, ESQ.
       LUIS F. CALVO, ESQ.
       KENT, BEATTY & GORDON, LLP
       *Attorneys for Plaintiff*
       Eleven Times Square
       New York, New York 10036
       Tel. (212) 421-4300
       jag@kbg-law.com
       Jbk@kbg-law.com
       Lfc@kbg-law.com

T:\DOCS\13571\001\1M28328.WPD/RMC