**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------

GREG HOLLAND,

                    Plaintiff,

         v.

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

                    Defendants.

------

18 Civ. 6697 (KMK)

**ANSWER OF GREG HOLLAND TO THE COUNTERCLAIMS OF THOMAS MATOS, NANCI MATOS AND BESTLIFE GIFTS LLC**

      Plaintiff Greg Holland ("Holland"), by his undersigned attorneys, Kent, Beatty & Gordon, LLP, states as follows for his Answer to the Counterclaims of defendants Thomas and Nanci Matos (together, the "Matoses") and BestLife Gifts LLC ("BestLife Gifts"), dated August 23, 2018 ("Counterclaims"):

      71.    Paragraph 71 of the Counterclaims does not contain an allegation to which a response is necessary.

      72.    Holland respectfully refers the Court to the Operating Agreement for its complete terms.

      73.    Holland denies the allegations of paragraph 73 of the Counterclaims.

      74.    Holland denies the allegations of paragraph 74 of the Counterclaims.

      75.    Holland denies the allegations of paragraph 75 of the Counterclaims.

      76.    Holland denies the allegations of paragraph 76 of the Counterclaims.

      77.    Holland denies the allegations of paragraph 77 of the Counterclaims.

      78.    In response to paragraph 78 of the Counterclaims, Holland incorporates by reference his responses to the previous paragraphs.

79. Paragraph 79 of the Counterclaims contains a legal conclusion to which no response is required; to the extent any response is required, Holland denies the allegations of paragraph 79.

80. Holland denies the allegations of paragraph 80 of the Counterclaims.

81. Holland admits the allegations of paragraph 81 of the Counterclaims.

82. Holland denies the allegations of paragraph 82 of the Counterclaims.

83. Holland denies the allegations of paragraph 83 of the Counterclaims.

84. Holland denies the allegations of paragraph 84 of the Counterclaims.

85. In response to paragraph 85 of the Counterclaims, Holland incorporates by reference his responses to the previous paragraphs.

86. Holland denies the allegations of paragraph 86 of the Counterclaims.

87. Holland denies the allegations of paragraph 87 of the Counterclaims.

88. Holland denies the allegations of paragraph 88 of the Counterclaims.

89. Holland denies the allegations of paragraph 89 of the Counterclaims.

90. Holland denies the allegations of paragraph 90 of the Counterclaims.

91. In response to paragraph 91 of the Counterclaims, Holland incorporates by reference his responses to the previous paragraphs.

92. Paragraph 92 of the Counterclaims contains a legal conclusion to which no response is required; to the extent any response is required, Holland denies the allegations of paragraph 92.

93. Holland denies the allegations of paragraph 93 of the Counterclaims.

94. In response to paragraph 94 of the Counterclaims, Holland incorporates by reference his responses to the previous paragraphs.

95. Holland denies the allegations of paragraph 95 of the Counterclaims.

96. Holland denies the allegations of paragraph 96 of the Counterclaims.

97. In response to paragraph 97 of the Counterclaims, Holland incorporates by reference his responses to the previous paragraphs.

98. Holland denies the allegations of paragraph 98 of the Counterclaims.

99. Holland denies the allegations of paragraph 99 of the Counterclaims.

100. Holland denies the allegations of paragraph 100 of the Counterclaims.

101. Holland denies the allegations of paragraph 101 of the Counterclaims.

## **AFFIRMATIVE DEFENSES**

The following affirmative and other defenses are asserted without regard to which party bears the burden of proof, and without regard to whether such a defense is required to be pled pursuant to Fed. R. Civ. P. 8(c).  Holland reserves the right to raise any additional defenses warranted by the facts disclosed in discovery or adduced at trial.

1. The Counterclaims fail to state any claim upon which relief can be granted.

2. Holland did not breach the Ministry Ideaz LLC Operating Agreement or fiduciary and managerial duties and thus owes defendants nothing; but even if Holland did, he would be entitled to a set off for the amount that the Matoses owe for their breaches of the Operating Agreement, the March 5, 2018 Agreement and their fiduciary and managerial duties.  Upon information and belief, the amount owed by the Matoses far exceeds the damages requested in the Counterclaims.

3. Defendant BestLife Gifts' claims fail because it was not a member of Ministry Ideaz LLC, or a party to the Operating Agreement or the March 5, 2018 Agreement.

4. Defendants' claims fail because, pursuant to the Operating Agreement, the Matoses, not Holland, were required to maintain Ministry Ideaz LLC's books and records.

5. Defendants' claims fail because the Matoses, not Holland, failed to file wage reports for Ministry Ideaz LLC.

6. Defendants' damages, if any, were caused by acts or failures to act of third parties over whom Holland has no control.

## PRAYER FOR RELIEF

**WHEREFORE**, Holland demands Judgment dismissing defendants' Counterclaims with prejudice and granting Holland any relief the Court deems proper.

Dated: New York, New York
September 11, 2018

KENT, BEATTY & GORDON, LLP

*/s/ Jack A. Gordon*
Jack A. Gordon
  (jag@kbg-law.com)
Joshua B. Katz
  (jbk@kbg-law.com)
Luis F. Calvo
  (lfc@kbg-law.com)
Eleven Times Square
New York, New York 10036
(212) 421-4300

*Attorneys for Plaintiff Greg Holland*

4