



# KENT, BEATTY & GORDON, LLP
### ATTORNEYS AT LAW
ELEVEN TIMES SQUARE
NEW YORK, NY 10036
PHONE: (212) 421-4300   FAX: (212) 421-4303
WWW.KBG-LAW.COM

February 14, 2019

*Via ECF*
Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

**Luis F. Calvo**
lfc@kbg-law.com
Admitted in NY
and Mexico

      Re:    ***Holland v. Thomas Matos, et. al.***
              **18 Civ. 6697 (KMK)**

Dear Judge Karas:

      This firm represents plaintiff Greg Holland in the above-referenced matter. We write pursuant to your Honor's Individual Rules of Practice and Local Civil Rule 37.2 to request a pre-motion discovery conference because defendants have refused to produce any documents responsive to plaintiff's requests, and have also refused to enter into a standard form of protective order to protect certain confidential information that they have demanded from plaintiff.

**I.    Nature of the Action**

      In 2002, Plaintiff founded Ministry Ideaz (Ecuador), an online business that manufactures and sells religious-themed leather and paper products to the Jehovah's Witness community, which plaintiff ran from his home in Ecuador. In 2017, plaintiff and defendants Thomas Matos and Nanci Matos became partners in Ministry Ideaz LLC, which was formed to establish a brick-and-mortar store near the Jehovah's Witness headquarters in Warwick, New York. Plaintiff financed the store, while the Matoses were responsible for the day to day operations. In brief, the complaint (ECF No. 1) alleges that the Matoses committed a series of contractual and fiduciary breaches by sabotaging the business, misappropriating more than $150,000 in cash and inventory, and using Ministry Ideaz's property to start a competing business, defendant BestLife Gifts LLC. Defendants have counterclaimed (ECF No. 14) for breach of contract, breach of fiduciary duty, and unfair competition.

**II.    Defendants Unjustifiably Refuse to Produce Responsive Documents**

      On September 11, 2018, plaintiff served his First Request for Production. On November 20, 2018, the undersigned and defendants' counsel, Mr. Lefland, held





## KENT, BEATTY & GORDON, LLP
ATTORNEYS AT LAW

Honorable Kenneth M. Karas
February 14, 2019
Page 2

a telephone conference wherein counsel agreed to produce documents and responses to discovery demands by January 30, 2019. (See Exhibit 1, hereto.)

On January 30, plaintiff served responses and objections to defendants' discovery demands, and advised that responsive documents would be produced upon entry of standard protective order. On January 31, defendants served their responses and objections, but produced no documents despite taking the position that a protective order is unnecessary. Despite repeated requests, defendants have failed to produce any documents and have given evasive and non-responsive answers every time they have been asked when their documents will be produced. (Copies of the correspondence between counsel are annexed as Exhibit 2.) Accordingly, it appears that a motion to compel will be necessary.

**II.     A Protective Order is Warranted**

On January 28, 2019, in anticipation of the parties' January 30 discovery exchange, we provided a draft protective order to defendants' counsel, Mr. Lefland. (The draft protective order, copy of which is annexed as Exhibit 3, was adapted from Judge Rakoff's model form.) After several email exchanges on the subject, Mr. Lefland advised that defendants are "firmly against a protective order." (See Exhibit 2.)

Stipulated protective orders are commonplace in commercial litigation, and are usually negotiated and agreed to without judicial intervention. Where, as here, a party flatly rejects any form of protective order, the Court is empowered to impose one pursuant to Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (internal citations omitted). Here, good cause exists for two reasons. First, defendants have demanded that plaintiff produce fulsome business information, including tax returns, sales data, and a list of all Ministry Ideaz customers. (See Exhibit 4, hereto.) This information is obviously commercially sensitive, and the need for protection is particularly acute given defendants' ownership of a competing business. *See, e.g., United States CFTC v. Parnon Energy Inc.*, 2013 U.S. Dist. LEXIS 158894, *16, (S.D.N.Y. Oct. 25, 2013) (good cause exists "when parties seek to maintain the confidential treatment of business information on the ground that it is commercially sensitive and would cause harm if known by a competitor.") (internal quotations omitted).

Second, defendants have also demanded that plaintiff produce medical records regarding his stress-induced hospitalization that stemmed from defendants' misconduct. HIPAA regulations "explicitly contemplate that both state and federal courts will issue protective orders," and, thus, "federal courts routinely issue





# Kent, Beatty & Gordon, LLP
### Attorneys at Law

Honorable Kenneth M. Karas
February 14, 2019
Page 3

protective orders to ensure the confidentiality of medical records." *Johnson v. Fed. Bureau of Prisons*, 2017 U.S. Dist. LEXIS 186123, *5 (E.D.N.Y. Nov. 9, 2017). Accordingly, a protective order is also necessary to ensure that defendants will maintain the confidentiality of his medical records.

\* \* \*

In light of the above, we respectfully request a pre-motion conference to address these discovery issues.

Respectfully submitted,

Luis F. Calvo

Encls.
cc: All counsel of record (*via ECF*)