# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREG HOLLAND,

                        Plaintiff,                  **RULE 34**
                                                                  **DOCUMENT DEMAND**

   -against-

                                                                    Index No. 18 Civ. 6697

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

                        Defendants.
------------------------------------------------------------x

       Pursuant to FRCP Rule 34, the defendants hereby request the following documents:

       1.     Duly authorized authorization for the release of all medical records as alleged in paragraph 35 of the complaint.

       2.     A copy of all books and records maintained by the plaintiff for Ministry Ideaz, LLC.

       3.     A copy of all electronically stored information relating to the parties and Ministry Ideaz, LLC.

       4.     A copy of all local, state and federal tax returns filed by the plaintiff for Ministry Ideaz, LLC.

       5.     Copies of all receipts of deposits made by the defendants in the bank accounts maintained for Ministry Ideaz, LLC.

       6.     Any agreement wherein Jade Holland became a 50% partner in Ministry Ideaz, LLC.

       7.     A copy of all Clover.com transactions reviewed by the plaintiff as alleged in paragraphs 39-40 of the complaint.

       8.     A copy of all funds wired from Holland to Ministry Ideaz, LLC's bank accounts.

       9.     A copy of all documents containing "multiple false declarations" on Ministry Ideaz, LLC's 2017 tax returns as alleged in paragraph 42 of the complaint.

       10.    A copy of all New York State sales tax returns in the possession of the plaintiff as alleged in paragraph 42 of the complaint.

11.     Any and all documentation of any "deal" as alleged in paragraph 32 of the complaint.

12.     Identify all gifts provided to the Hollands to Toddlers as alleged in paragraph 21 of the complaint.

13.     Set forth copies of all documents identifying all wire transfers as alleged in paragraph 17 of the complaint.

14.     Set forth copies of all documents identifying "an additional $190,000.00" that was wired to Ministry Ideaz, LLC's bank account as alleged in paragraph 18 of the complaint.

15.     Set forth an inventory of products that were shipped from Equador to be sold in the Pine Bush stores identified in paragraph 18 of the complaint.

16.     Identify the wholesale value of each and every piece of inventory and then the expected retail value of each and every piece of inventory as alleged in paragraph 18 of the complaint.

17.     Set forth copies of each and every document wherein the defendants threatened Holland with destroying his pre-existing online business by publishing his personal and marital troubles as alleged in paragraph 2 of the complaint.

18.     Set forth a list of the nearly 300,000 Equador customers as alleged in paragraph 2 of the complaint.

Dated: August 23, 2018
      Walden, New York

Yours, etc.,

ROBERT M. LELAND, ESQ. (RL6058)
JACOBOWITZ & GUBITS, LLP
*Attorneys for Defendants*
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
Tel. (845) 778-2121
rml@jacobwitz.com

TO:    JACK A. GORDON, ESQ.
         JOSHUA B. KATZ, ESQ.
         LUIS F. CALVO, ESQ.
         KENT, BEATTY & GORDON, LLP
         *Attorneys for Plaintiff*
         Eleven Times Square
         New York, New York 10036
         Tel. (212) 421-4300
         jag@kbg-law.com
         Jbk@kbg-law.com
         Lfc@kbg-law.com

T:\DOCS\13571\001\1M29555.WPD/RMC

UNITED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREG HOLLAND,

                              *Plaintiff,*

   -against-

THOMAS MATOS, NANCI MATOS and BESTLIFE GIFTS, LLC,

                              *Defendant.*

---

### RULE 34 DOCUMENT DEMAND

**JACOBOWITZ AND GUBITS**
*Attorneys for Plaintiff*
158 ORANGE AVENUE - P.O. BOX 367
WALDEN, NEW YORK 12586
(845) 778-2121

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated:_____      Signature...................................................................................

                                                        *Print Signer's Name* _____

---

Service of a copy of the within                                                           is hereby admitted.

Dated:

                                                                                Attorney(s) for

---

**PLEASE TAKE NOTICE**

[ ]        *that the within is a true copy of a*
NOTICE OF  *entered in the office of the clerk of the within named Court on*
ENTRY

[ ]        *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF          *one of the judges of the within named Court,*
SETTLEMENT  *at*
                *on*                      *200, at*               *M.*

Dated:

                                                                      **JACOBOWITZ AND GUBITS**
                                                                      *Attorneys for Plaintiff*
                                                                      158 ORANGE AVENUE - P.O. BOX 367
                                                                      WALDEN, NEW YORK 12586

To:

Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREG HOLLAND,

                        Plaintiff,

    -against-

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

                        Defendants.
------------------------------------------------------------x

**SECOND RULE 34 DOCUMENT DEMAND**

Index No. 18 Civ. 6697

SIRS:

    PLEASE TAKE NOTICE, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Thomas Matos, Nanci Matos and Bestlife Gifts, LLC, by and through their attorneys, Jacobowitz and Gubits, LLP, hereby requests that Plaintiff Greg Holland produce each and every document, item, and thing for inspection and copying on or before September 27, 2018, at 10:00 a.m. at the offices of Jacobowitz & Gubits, LLP, 158 Orange Avenue, Walden, New York 12586. Alternatively, compliance with these requests can be made by serving copies of the requested documents on counsel for Plaintiff on or before September 27, 2018.

    1.    A copy of any and all documentation relating to design, creation and sale of "convention notebooks" for 2016, 2017 and 2018 sold by the plaintiff.

Dated: August 30, 2018
       Walden, New York

Yours, etc.,

ROBERT M. LEFLAND, ESQ. (RL6058)
JACOBOWITZ & GUBITS, LLP
*Attorneys for Defendants*
158 Orange Avenue, P.O. Box 367
Walden, New York 12586
Tel. (845) 778-2121
rml@jacobowitz.com

TO:    JACK A. GORDON, ESQ.
          JOSHUA B. KATZ, ESQ.
          LUIS F. CALVO, ESQ.
          KENT, BEATTY & GORDON, LLP
          *Attorneys for Plaintiff*
          Eleven Times Square
          New York, New York 10036
          Tel. (212) 421-4300
          jag@kbg-law.com
          Jbk@kbg-law.com
          Lfc@kbg-law.com

Index No.
UNITED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREG HOLLAND,

                      *Plaintiff,*

    -against-

THOMAS MATOS, NANCI MATOS and BESTLIFE GIFTS, LLC,

                      *Defendant.*

## SECOND RULE 34 DOCUMENT DEMAND

**JACOBOWITZ AND GUBITS**
*Attorneys for Defendants*
158 ORANGE AVENUE - P.O. BOX 367
WALDEN, NEW YORK 12586
(845) 778-2121

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated:*_____       *Signature*.................................................................................

                                       *Print Signer's Name* _____

Service of a copy of the within                                                            is hereby admitted.

Dated:

                                             Attorney(s) for

**PLEASE TAKE NOTICE**

| | |
|---|---|
| [ ] NOTICE OF ENTRY | *that the within is a true copy of a entered in the office of the clerk of the within named Court on* |
| [ ] NOTICE OF SETTLEMENT | *that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,* |
| | *at* |
| | *on*          *200, at*          *M.* |

*Dated:*

                                                           **JACOBOWITZ AND GUBITS**
                                                           *Attorneys for Plaintiff*
                                                           158 ORANGE AVENUE - P.O. BOX 367
                                                           WALDEN, NEW YORK 12586

*To:*

Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GREG HOLLAND,

                      Plaintiff,

-against-

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

                      Defendants.
-----------------------------------------------------------x

**SECOND DEMAND FOR DOCUMENTS TO PLAINTIFF GREG HOLLAND**

Index No. 18 Civ. 6697

    DEFENDANTS, THOMAS MATOS and NANCY MATOS, ("Matos"), by their attorneys, Jacobowitz & Gubits, LLP, hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that plaintiff produce for inspection and copying the documents and electronically stored information described below at the offices of Jacobowitz & Gubits, LLP, 158 Orange Avenue, Walden, New York, 12586.

## DEFINITIONS

    The following terms used in the Requests for Production will have the scope and meanings as indicated below:

    1.    Thomas Matos. The term "Thomas Matos" or "Matos" refers to defendant Thomas Matos.

    2,    Nancy Matos. The term "Nancy Matos" or "Matos" refers to defendant Nancy Matos.

    3.    Greg Holland or Holland. The term "Greg Holland" or "Holland" refers to plaintiff Greg Holland.

    4.    BetsLife Gifts. The term "BestLife Gifts" refers to defendant BestLife Gifts, LLC, its predecessors and successors, current and former parents, subsidiaries, affiliates, and present or former agents, experts, accountants, investigators, servants, employees, managers, officers, directors, boards, groups, shareholders, attorneys, representatives and any other persons controlling or acting, or purporting to act, on behalf of any of the foregoing.

    5.    Ministry Ideaz. The term "Ministry Ideaz" refers to Ministry Ideaz, LLC.

6. Ministry Ideaz Ecuador. The term "Ministry Ideaz Ecuador" refers to Ministry Ideaz Ecuador.

7. Operating Agreement. The term "Operating Agreement" refers to the Operating Agreement between Thomas Matos, Nanci Matos and Greg Holland for Ministry Ideaz.

8. March 5, 2018 Agreement. The term "March 5, 2018 Agreement" refers to the Agreement, signed on March 5, 2018 by Holland, Thomas and Nanci Matos, including any amendments thereto.

9. Communication. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. Document. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

11. Identify (with respect to Persons). When referring to a person, "identify" means to give, to the extent known, the Person's full name, present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need to be listed in response to subsequent discovery requesting the identification of that person.

12. Identify (with respect to Documents). When referring to documents, "to identify" means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13. Person. The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

     1.     All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

     2.     And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be otherwise be construed to be outside of its scope.

     3.     Number. The use of the singular form of any word includes the plural and vice versa.

     4.     Gender. The masculine includes the feminine and neutral gender, and vice versa.

     5.     Including. The use of the word "including" and words of similar import shall not in any way restrict or limit the scope of documents responsive to the request.

## INSTRUCTIONS

     A.     You are to produce all responsive documents within your possession, custody or control or in the possession, custody, or control of your affiliates, employees, servants, representatives, agents, accountants, experts, investigators, consultants, trustees, attorneys, any entity through which you conduct business, and any other persons acting or purporting to act on your behalf, wherever located and regardless of where the Documents were created, recorded, or disseminated.

     B.     Each document request is to be responded to independently and each numbered response is to be set forth separately. When a document request contains separate numbered or lettered paragraphs, each separately numbered or lettered paragraph should be treated separately and a separate response furnished. Each document produced is to be produced either as kept in the regular course of business or shall be organized and labeled to correspond to the specific, numbered request to which the document is responsive. All documents produced are to be supplied in their entirety without any editing or alteration, together with any attachments or enclosures to such documents.

     C.     If a specifically requested document no longer exists or is no longer in your possession or control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of.

For each such document, state:

(1)     the type of document;

(2)     the subject matter and contents of the document;

(3)     the author of the document;

(4)     each person to whom the original or a copy of the document was sent;

(5)     the date on wich the document was prepared or transmitted;

(6)     the circumstances surrounding the transfer, destruction, or other disposition of the document;

(7)     the name of the person who authorized the transfer, destruction, or other disposition of the document; and

(8)     the date of such transfer, destruction, or other disposition.

D.     If any request for documents is deemed to call for the production of privileged or attorney work product materials, and such privilege or attorney work product is asserted, identify in writing each document so withheld and provide the following information concerning it:

(1)     the reason for withholding the document;

(2)     a statement of the basis for the claim of privilege, work product, or other ground of non-disclosure; and

(3)     a brief description of the document, including:

    (a)     the title of the document, its date, and the date of its creation;

    (b)     the number of pages of the document and of any attachments and appendices to it;

    (c)     the names of its author(s), preparer(s), or signatory(ies), and an identification by employer and title of each such person;

    (d)     the name of each person: who was sent, shown, or received copies of the document; to whom such document was addressed or directed; who you know or believe has seen the document; or who has or has had access to, or custody, possession, or control of, the document, together with an identification of each such person;

    (e)  the custodian of the document; and

    (f)  the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, an identification of each such meeting or conversation.

  E,  If any documents otherwise required to be produced are withheld in whole or in part for reasons other than those set forth in Section D, you shall identify the document by stating its date, author, recipients, and the reason(s) for withholding it.

  F.  These document requests require the production of all non-identical copies, inclusive of drafts and copies upon which any notes, notations or marks whatsoever have been made.

  G.  If you encounter any ambiguity in construing a document request, or a definition or instruction relevant to a request, identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the request.

  H.  The use of a verb in any tense shall be construed to include the use of the verb in all other tenses, wherever necessary to bring within the scope of the document request all responses and documents that might otherwise be construed to be outside its scope.

  I.  These requests shall be deemed continuing so as to require prompt, further, and supplemental production (without further demand) if you locate or obtain possession, custody, or control of additional responsive documents at any time prior to or during trial herein.

  J.  Unless otherwise stated, the time period for these requests shall be May 1, 2017 through the present.

## DOCUMENT REQUESTS

  1.  All documents and communications concerning Thomas Matos and/or Nanci Matos. This request includes, without limitation, communications between Thomas and Nanci Matos and Greg Holland and/or Jade Holland.

  2.  All documents and communications concerning Jade Holland. This request includes, without limitation, communications between Jade Holland and Thomas and Nanci Matos.

3. All documents and communications concerning Ministry Ideaz. This request includes, without limitation, communications between and among Greg Holland and/or Jade Holland and their employees.

4. All documents and communications concerning Ministry Ideaz Ecuador. This request includes, without limitation, communications between and among Greg Holland and/or Jade Holland, their employees and BestLife Gifts, its directors, officer or employees.

5. All documents and communications concerning BestLife Gifts. This request includes, without limitation, communications between and among their employees and BestLife Gifts, its directors or employees and/or Greg Holland and Jade Holland.

6. All documents and communications concerning the BestLife Gifts sign located on the exterior of the Pine Bush, NY store, including, without limitation, documents and communications concerning its design, purchase and delivery.

7. All documents and communications concerning any uniforms created for BestLife Gifts, including purchase orders.

8. All documents and communications concerning the remodeling of the BestLife Gifts restroom.

9. All documents concerning the Ministry Ideaz "guestbook: signed by customers.

10. All documents concerning the BestLife Gifts "guestbook" signed by customers.

11. All documents and communications concerning the Operating Agreement, including, without limitation, all documents and communications concerning its negotiation, drafting, execution, performance or termination.

12. All documents and communications concerning the March 5, 2018 Agreement, including, without limitation, all documents and communications concerning its negotiation, drafting, execution, performance or termination.

13. All documents concerning accounting books, records and ledgers for Ministry Ideaz (whether electronic or paper) from inception through the present.

14. All documents concerning payments made with funds received by Ministry Ideaz or Greg Holland. This request includes, without limitation, payments made to any vendors,

Steven Chapman or other Ministry Ideaz employees or consultants.

15. All documents concerning time sheets reflecting hours worked by Steven Chapman and any and all other individuals who worked for Ministry Ideaz.

16. All documents concerning any and all Ministry Ideaz bank accounts.

17. All tax returns filed with any federal or state authority for Ministry Ideaz.

18. All documents concerning the Ministry Ideaz bank account at Walden Savings Bank (account number 433-5210847) including, without limitation, all account opening documents and statements from inception to present.

19. All documents concerning the Ministry Ideaz bank account at Walden Savings Bank (account number 0603248291) including, without limitation, all account opening documents and statements from inception to present.

20. All documents concerning any and all funds received by Ministry Ideaz.

21. All documents concerning deposits of cash received by Ministry Ideaz from store sales.

22. All documents and communications concerning any leases signed by or on behalf of Ministry Ideaz, Greg Holland and/or Jade Holland, including for the premises located at 2412 Route 52, Suite 10, Pine Bush, New York, 12556 and any storage units used to store any and all property of Ministry Ideaz and/or BestLife Gifts LLC.

23. All documents and communications concerning all efforts to form Ministry Ideaz. This request includes documents and communications with attorneys, including those from McAdam & Fallon, P.C., and accountants, including Martin S. Nowak, Jr. or consultants.

24. All documents and communications concerning Ministry Ideaz's paychex account.

25. All documents and communications concerning payment of utilities by and on behalf of Ministry Ideaz.

26. All documents concerning the payment of taxes, wage reports or employee compensation filings by or on behalf of Ministry Ideaz.

27. All recordings of any conversations between Greg Holland and Thomas and Nanci

Matos. This request includes, without limitation, all recordings of the March 5, 2018 conversation between Greg Holland and Thomas Matos.

28. All recordings of conversations between Greg Holland, Jade Holland and Thomas and Nanci Matos.

29. All communications between Greg Holland and any person or posted on any website concerning Greg Holland. This request includes, without limitation, any communication relating to Holland's disfellowshipping.

30. All documents and communications concerning any and all current and former tours and tour operators who brought people to Ministry Ideaz or BestLife Gifts' store from May 1, 2017 through the present.

31. All communications between Greg and/or Jade Holland and Chelsea Braun.

32. All communications between Greg and/or Jade Holland and Steven Chapman.

33. All communications between Greg Holland and/or Jade Holland and Katherine Moeckel.

34. All communications between Greg Holland and/or Jade Holland and Brenda Tokash.

35. All communications between Greg Holland and/or Jade Holland and Fred Tokash.

36. All documents and communications concerning the post office box opened on behalf of Ministry Ideaz in Pine Bush, New York.

37. All documents and communications concerning any accounts opened by Greg Holland and/or Jade Holland.

38. All documents and communications concerning the March 2, 2018 "Special Meeting" of Ministry Ideaz held at Thomas and Nanci Matos' home.

39. All documents and communications concerning the dissolution of Ministry Ideaz.

40. All documents and communications concerning BestLife Gifts. This request includes, without limitation, documents regarding the formation of BestLife Gifts and any amounts paid in furtherance thereof.

41. All documents concerning accounting books, records and ledgers for BestLife

Gifts (whether electronic or paper) from inception through the present.

42. All documents concerning any and all funds received by *BestLife* Gifts (whether electronic or paper) from inception through the present.

43. All documents concerning payments made by BestLife Gifts.

44. All documents concerning any damages you claim to seek in this action.

45. All documents identified in your Rule 26 disclosures and any supplement thereto.

Dated: Walden, New York
October 17, 2018

                         ROBERT M. LEFLAND, ESQ.
                         JACOBOWITZ & GUBITS, LLP
                         *Attorneys for Defendants*
                         158 Orange Avenue
                         P.O. Box 367
                         Walden, New York 12586
                         Tel. No. (845) 778-2121
                         Fax No. (845) 778-5173
                         Email: rml@jacobowitz.com

TO:     LUIS F. CALVO, ESQ.
         KENT, BEATTY & GORDON, LLP
         *Attorneys for Plaintiff*
         Eleven Times Square
         New York, New York 10036
         Tel. (212) 421-4300
         Email: lfc@kbg-law.com

T:\DOCS\13571\001\IMA1287.WPD/RMC

Index No.
UNITED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREG HOLLAND,

                        *Plaintiff,*

  -against-

THOMAS MATOS, NANCI MATOS and BESTLIFE GIFTS, LLC,

                        *Defendant.*

---

SECOND DEMAND FOR DOCUMENTS TO PLAINTIFF GREG HOLLAND

---

**JACOBOWITZ AND GUBITS**
*Attorneys for Defendants*
158 ORANGE AVENUE - P.O. BOX 367
WALDEN, NEW YORK 12586
(845) 778-2121

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated:_____        Signature.........................................................................

                                                                     *Print Signer's Name* _____

---

Service of a copy of the within                                           is hereby admitted.

Dated:

                                                Attorney(s) for

---

**PLEASE TAKE NOTICE**

[ ]       *that the within is a true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*
ENTRY

[ ]       *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF    *one of the judges of the within named Court,*
SETTLEMENT   *at*
                *on*                         *200, at*              *M.*

Dated:

                                                **JACOBOWITZ AND GUBITS**
                                               *Attorneys for Plaintiff*
                                               158 ORANGE AVENUE - P.O. BOX 367
                                               WALDEN, NEW YORK 12586

To:

Attorney(s) for