# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GREG HOLLAND,

                        Plaintiff,

    -against-

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

                    Defendants.
-------------------------------------------------------------x

RESPONSE TO PLAINTIFF'S
FIRST SET OF REQUESTS
FOR PRODUCTION.

18 Civ. 6697 (KMK)

       The Defendants by their attorneys, JACOBOWITZ & GUBITS, LLP, respond and object to the First Request for Production of Documents dated September 11, 2018 (the "Document Requests") of the Plaintiff as follows:

## **GENERAL TERMS AND CONDITIONS**

       A.    The Defendants will respond to the Document Requests as they reasonably interpret and understand them.  If Plaintiff subsequently asserts an interpretation of any instruction, definition or request that differs from the understanding of the Defendant, the Defendants reserve the right to supplement or amend the responses and objections contained herein.

       B.    The Defendants object generally to the Document Requests to the extent they seek trade secrets or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, including spousal privilege, or immunity from disclosure.  The inadvertent production of a document containing any such information shall not be deemed a waiver and the Defendants reserve the right to recall any such document.

       C.    The Defendants object generally to the Document Requests to the extent they seek electronically stored information that is too difficult or expensive to access, or too voluminous to cost-effectively locate, retrieve, review and produce.

       D.    The Defendants will conduct a reasonble search for responsive documents during the requested time frame(s) to the exent such documents can be found using search parameters proportional to the burden or expense of discovery of such documents, and the likely benefit of

such documents, considering the needs of this action and the claims raised herein.

   E.  The production of any document by the Defendants is not, by itself, an admission or stipulation that such document is authentic or is relevant. The Defendants reserve their right to object on any ground to the admissibility at trial of any document produced by the Defendants.

   F.  The agreement by the Defendants to search for and produce responsive documents does not mean that the Defendants have or expect to find, responsive documents.

   G.  The foregoing shall be deemed incorporated into each and every response to a specific Document Request without regard to whether a general or specific objection is stated in the response.

## DOCUMENT REQUESTS

## REQUEST NO. 1

   All documents and communications concerning Greg Holland. This request includes, without limitation, communications between Greg Holland and You.

## RESPONSE:

   The Defendants object to this request to the extent that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the Defendants' relative access to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants object to the extent this request seeks documents protected by spousal privilege. Nevertheless, the Defendants will produce email and text message exchanges between the parties.

## REQUEST NO. 2

   All documents and communications concerning Jade Holland. This request includes, without limitation, communications between Jade Holland and You.

## RESPONSE:

   The Defendants object to this request to the extent that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, Holland's relative access to relevant information, the resources of the Defendants,

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants further object to the extent this request seeks documents protected by spousal privilege. Nevertheless, the Defendants will produce email and text messages between Jade Holland and Thomas and Nanci Matos.

**REQUEST NO. 3**

All documents and communications concerning Ministry Ideaz. This request includes, without limitation, communications between and among Thomas and/or Nanci Matos, their employees and BestLife Gifts, its directors, officer or employees or Greg and Jade Holland.

**RESPONSE:**

The Defendants object to this request to the extent that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants' to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants further object to the extent this request seeks documents protected by spousal privilege. The Defendants will produce email and text message exchanges between Thomas and Nanci Matos and Greg and Jade Holland regarding BestLife Gifts.

**REQUEST NO. 4**

All documents and communications concerning Ministry Ideaz Ecuador. This request includes, without limitation, communications between and among Thomas and Nanci Matos, their employees and BestLife Gifts, its directors, officer or employees.

**RESPONSE:**

The Defendants object to this request to the extent that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.  The Defendants will not produce documents concerning this request.

**REQUEST NO. 5**

All documents and communications concerning BestLife Gifts.  This request includes, without limitation, communications between and among their employees and Best Life Gifts, its directors or employees and/or Greg Holland and Jade Holland.

**RESPONSE:**

The Defendants object to this request to the extent that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will not produce documents concerning this request.

**REQUEST NO. 6**

All documents and communications concerning the BestLife Gifts sign located on the exterior of the Pine Bush, New York store, including, without limitation, documents and communications concerning its design, purchase and delivery.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 7**

All documents and communications concerning any uniforms created for BestLife Gifts, including purchase orders.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 8**

All documents and communications concerning the remodeling of the BestLife Gifts restroom.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 9**

All documents concerning the Ministry Ideaz "guestbook" signed by customers.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 10**

All documents concerning the BestLife Gifts "guestbook" signed by customers.

**RESPONSE:**

The Defendants object to this request to the extent that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will not produce documents concerning this request.

**REQUEST NO. 11**

All documents and communications concerning the Operating Agreement, including, without limitation, all documents and communications concerning its negotiation, drafting, execution, performance or termination.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 12**

All documents and communications concerning the March 5, 2018 Agreement, including, without limitation, all documents and communications concerning its negotiation, drafting,

execution, performance or termination.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 13**

All documents concerning accounting books, records and ledgers for Ministry Ideaz (whether electronic or paper) from inception through the present.

**RESPONSE:**

The Defendants will search for and produce accounting and banking records concerning Ministry Ideaz, LLC.

**REQUEST NO. 14**

All documents concerning payments made with funds received by Ministry Ideaz or Greg Holland. This request includes, without limitation, payments made to any vendors, Steven Chapman or other Ministry Ideaz employees or consultants.

**RESPONSE:**

The Defendants object to this request to the extent that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Nevertheless, the Defendants will produce documents reflecting payments made with funds received from Ministry Ideaz or Greg Holland.

**REQUEST NO. 15**

All documents concerning time sheets reflecting hours worked by Steven Chapman and any and all other individuals who worked for Ministry Ideaz.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 16:**

All documents concerning any and all Ministry Ideaz bank accounts.

**RESPONSE:**

The Defendants will search for and produce banking records for accounts held by Ministry Ideaz, LLC.

**REQUEST NO. 17:**

All documents concerning the Ministry Ideaz bank account at TD Bank (account number 433-5210847) including, without limitation, all account opening documents and statements from inception to present.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 18**

All documents concerning the Ministry Ideaz bank account at Walden Savings Bank (account number 433-5210847) including, without limitation, all account opening documents and statements from inception to present.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 19**

All documents concerning the Ministry Ideaz bank account at Walden Savings Bank (account number 0603248291) including, without limitation, all account opening documents and statements from inception to present.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 20**

All documents concerning any and all funds received by Ministry Ideaz.

7

**RESPONSE**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 21**

All documents concerning deposits of cash received by Ministry Ideaz from store sales.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 22**

All documents and communications concerning any leases signed by or on behalf of Ministry Ideaz, Greg Holland and/or Jade Holland, including for the premises located at 2412 Route 52, Suite 10, Pine Bush, New York, 12556 and any storage units used to store any and all property of Ministry Ideaz and/or BestLife Gifts LLC.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 23**

All documents and communications concerning all efforts to form Ministry Ideaz.  This request includes documents and communications with attorneys, including those from McAdam & Fallon, P.C., and accountants, including Martin S. Nowak, Jr. or consultants.

**RESPONSE**

Except for privileged documents, the Defendants will search for an produce documents responsive to this request.

**REQUEST NO. 24**

All documents and communications concerning payment of utilities by and on behalf of Ministry Ideaz.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to

8

this request.

**REQUEST NO. 25**

All documents concerning the payment of taxes, wage reports or employee compensation filings by or on behalf of Ministry Ideaz.

**RESPONSE**

The Defendants will search for and produce documents responsive to this request.

**REQUEST NO. 26**

All recordings of any conversations between Greg Holland and Thomas and Nanci Matos. This request includes, without limitation, all recordings of the March 5, 2018 conversation between Greg Holland and Thomas Matos.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 27**

All recordings of conversations between Greg Holland, Jade Holland and Thomas and Nanci Matos.

**RESPONSE:**

The Defendants will search for and produce all non-privileged documents responsive to this request.

**REQUEST NO. 28**

All communications between You and any person or posted on any website concerning Greg Holland. This request includes, without limitation, any communication relating to Holland's disfellowshipping.

**RESPONSE**:

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant

9

information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST NO. 29**

All documents and communications concerning any and all current and former tours and tour operators who brought people to Ministry Ideaz or BestLife Gifts' store from May 1, 2017 through the present.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce documents responsive to this request to the extent they are related to claims and defenses asserted in this action.

**REQUEST NO. 30**

All communications between You and Chelsea Braun.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce any relevant responses after search.

**REQUEST NO. 31**

All communications between You and Steven Chapman.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce any relevant responses after search.

**REQUEST NO. 32**

All communications between You and Katherine Moeckel.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will not produce documents concerning this request.

**REQUEST NO. 33**

All communications between You and Brenda Tokash.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce any relevant responses after search.

**REQUEST NO. 34**

All communications between You and Fred Tokash.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce any relevant responses after search.

**REQUEST NO. 35**

All documents and communications concerning the post office box opened on behalf of Ministry Ideaz in Pine Bush, New York.

**RESPONSE:**

The Defendants will search for and produce communications with the Pine Bush post office and between the Defendants and Plaintiff regarding the same.

**REQUEST NO. 36**

All documents and communications concerning any letters or parcels sent by You and paid for with the stamps.com account of Greg Holland and Jade Holland.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce any relevant responses after search.

**REQUEST NO. 37**

All documents and communications concerning the March 2, 2018 "Special Meeting" of Ministry Ideaz held at Thomas and Nanci Matos' home.

**RESPONSE:**

The Defendants object to this request on the grounds that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will produce any relevant responses after search.

**REQUEST NO. 38**

All documents and communications concerning any accounts opened by You or Ministry Ideaz at Clover.com.

**RESPONSE:**

The Defendants will search for and produce non-privileged documents responsive to this request.

**REQUEST NO. 39**

All documents and communications concerning the dissolution of Ministry Ideaz.

**RESPONSE:**

The Defendants will search for and produce non-privileged documents responsive to this request.

**REQUEST NO. 40**

All documents and communications concerning BestLife Gifts. This request includes, without limitation, documents regarding the formation of BestLife Gifts and any amounts paid in furtherance thereof.

**RESPONSE:**

The Defendants will search for and produce non-privileged documents responsive to this

13

request.

**REQUEST NO. 41**

All documents concerning accounting books, records and ledgers for BestLife Gifts (whether electronic or paper) from inception through the present.

**RESPONSE:**

The Defendants will search for and produce non-privileged documents responsive to this request.

**REQUEST NO. 42**

All documents concerning any and all funds received by BestLife Gifts (whether electronic or paper) from inception through the present.

**RESPONSE:**

The Defendants object to this request to the extent that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will not produce documents concerning this request.

**REQUEST NO. 43**

All documents concerning payments made by BestLife Gifts.

**RESPONSE:**

The Defendants object to this request to the extent that it seeks documents not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the relative access of the Defendants to relevant information, the resources of the Defendants, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Defendants will not produce documents concerning this request.

**REQUEST NO. 44**

All documents and communications concerning your allegations in paragraphs 73 and 74 of the Answer and Counterclaim that Greg Holland was responsible for filing taxes for Ministry Ideaz and failed to do so.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 45**

All documents concerning your allegation in paragraph 75 of the Answer and Counterclaim that Greg Holland misappropriated funds.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 46**

All documents concerning your allegation in paragraph 76 of the Answer and Counterclaim that Greg Holland failed to maintain proper books, records and wage reports.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 47**

All documents concerning your allegation in paragraph 80 of the Answer and Counterclaim that Greg Holland breached fiduciary duties.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 48**

All documents concerning your allegation in paragraph 81 of the Answer and Counterclaim that Greg Holland was subject to disfellowship.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 49**

All documents concerning your allegation in paragraph 82 of the Answer and

Counterclaim that disfellowship is a breach of some fiduciary duty owed between the parties.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 50**

All documents concerning your allegation in paragraph 83 of the Answer and Counterclaim that disfellowship negatively affected the business entered into by the parties.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 51**

All documents concerning your allegation in paragraph 86 of the Answer and Counterclaim that Greg Holland violated §409 of the New York Limited Liability Company Law by failing to perform his duties as manager in good faith and with that degree of care that an ordinary prudent person in a like position would use under similar circumstances.

**RESPONSE:**

The Defendants will search for and produce any responsive documents and refer the Plaintiff to the relevant case law of which this Court will take judicial notice.

**REQUEST NO. 52**

All documents concerning your allegation in paragraph 87 of the Answer and Counterclaim that you suffered irreparable harm by the alleged wrongful acts of Greg Holland.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

**REQUEST NO. 53**

All documents concerning your allegation in paragraph 95 of the Answer and Counterclaim that Greg Holland breached his duty to you by failing to account for his intake and expenditure of company funds.

**RESPONSE:**

The Defendants will search for and produce any responsive documents.

## REQUEST NO. 54

All documents concerning any damages you claim to seek in this action.

## RESPONSE:

The Defendants will search for and produce any responsive documents.

## REQUEST NO. 55

All documents identified in your Rule 26 disclosures and any supplement thereto.

## RESPONSE:

The Defendants will search for and produce any responsive documents.

Dated: February 7 2019
   Walden, New York

Yours, etc.,

ROBERT M. LEFLAND, ESQ. (RL6058)
JACOBOWITZ & GUBITS, LLP
*Attorneys for Defendants*
158 Orange Avenue
P.O. Box 367
Walden, New York 12586
Tel.  (845) 778-2121
rml@jacobowitz.com

TO:   JACK A. GORDON, ESQ.
      LUIS F. CALVO, ESQ.
      KENT, BEATTY & GORDON, LLP
      *Attorneys for Plaintiff*
      Eleven Times Square
      New York, New York 10036
      Tel. (212) 421-4300
      jag@kbg-law.com
      Lfc@kbg-law.com

T:\DOCS\13571\001\1MQ2093.WPD/RMC

17