

Gerald N. Jacobowitz**
David B. Gubits**
Howard Protter
Donald G. Nichol**
Larry Wolinsky**
J. Benjamin Gailey
Mark A. Krohn*
John C. Cappello
George W. Lithco
Michele L. Babcock
Gary M. Schuster
Marcia A. Jacobowitz
William E. Duquette
Kara J. Cavallo
Andrea L. Dumais
Kelly A. Pressler
Robert M. Lefland
Christopher J. Cardinale
Michael Wagner
Marissa G. Weiss

*LLM IN TAXATION
**OF COUNSEL

REPLY TO:
158 Orange Avenue
P.O. Box 367
Walden, NY 12586
tel. (845) 778-2121
fax (845) 778-5173

548 Broadway
Monticello, NY 12701
tel. (845) 791-1765
fax (845) 794-9781

JACOBOWITZ.COM

July 23, 2019

Honorable Judith C. McCarthy     Via ECF
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

Re:     Holland v. Matos, et al.
        Docket No. Docket No. 18-cv-6697(KMK)(JCM)
        Our File No. 13571-001

Dear Judge McCarthy:

     I write pursuant to the applicable rules to request either a pre-motion conference or leave to make a motion to quash/modify a subpoena, the latter pursuant to Rule 45(d)(3). The four subpoenas to which the motion will be addressed are submitted herewith.

     I have written to counsel for the plaintiff asking him to modify the subpoenas essentially for the reasons expressed below. In his response, he has refused my request.

     This Court ruled, in docket entry no. 29, that it would deny the plaintiff's request to compel production of the defendants' personal banking information as well as lawyer and accountant contacts. The subpoenas addressed to Safe & Sound Storage, to Pax 10, LLC and to Apple Valley Signs each demands documents regarding payments including, but not limited to, cancelled checks and

To:     Honorable Judith C. McCarthy                                July 23, 2019
        United States District Court                                 Page 2

---

wire transfers from the defendants from May, 2017, to the present. By requesting copies of cancelled checks and wire transfers, the plaintiff is, intentionally or perhaps not, seeking banking information. The plaintiff is attempting to obtain, through the back door, that which the Court would not allow in through the front door. Put another way, this is an attempt to obtain material which this Court has determined to be protected matter. Rule 45(d)(3)(A)(iii). "To the present" is overbroad; the defendants are entitled to continue their lives without unwarranted and unsupported intrusion.

To label the subpoenas as simply a fishing expedition is not the intent. With the exception of Steven Chapman, the other three non-parties upon whom the subpoenas have been served are at best minimal actors as regards the issues . . . except for possibly revealing the personal financial information. Curiously, insofar as Steven Chapman is concerned, while he may be a person with knowledge whom the plaintiff might want to actually question, counsel is only seeking documents from him. While they may be entitled to documents, the manner in which they are proceeding in this case with these several subpoenas is curious at best.

Very truly yours,

Robert M. Lefland

RML/rmc
Encs.

Cc:     Luis Calvo, Esq.

T:\DOCS\13571\001\INH0330.WPD-RMC