



Love Letters © Bruce Helander (a client of the Firm) and The Parker Group

**Luis F. Calvo**
lfc@kbg-law.com
Admitted in NY
and Mexico

# KENT, BEATTY & GORDON, LLP

ATTORNEYS AT LAW

ELEVEN TIMES SQUARE
NEW YORK, NY 10036
PHONE: (212) 421-4300    FAX: (212) 421-4303
WWW.KBG-LAW.COM

July 31, 2019

*Via ECF*
Honorable Judith C. McCarthy
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

    Re:    *Holland v. Matos, et. al*, 18 Civ. 6697 (KMK) (JCM)

Dear Judge McCarthy:

    We write in response to defendants' letter of July 23, 2019 objecting to plaintiff's subpoenas to Pax 10 LLC, Safe & Sound Storage, Apple Valley Signs and Steven Chapman.

    None of the subpoenas seek defendants' "personal banking information." Pax 10 is the landlord for the storefront previously occupied by Ministry Ideaz, but which is now occupied by defendant BestLife Gifts. Plaintiff's company, Ministry Ideaz, paid the rent, security deposit, and other expenses under the lease. (See Ex. 1.) The subpoena seeks financial records that will confirm that defendants used plaintiff's money to pay leasehold-related expenses for BestLife Gifts. Thus, the subpoena does not seek "personal banking information," but rather information about how defendants used money from plaintiff's business to fund their own business.

    Similarly, defendants used plaintiff's money to rent a storage unit at Safe & Sound Storage. (See Ex. 1.) Defendants then used the storage unit to house inventory that they misappropriated from plaintiff's business. Again, these are not defendants' "personal banking information."





## KENT, BEATTY & GORDON, LLP
### ATTORNEYS AT LAW

Honorable Judith C. McCarthy
July 31, 2019
Page 2

Plaintiff also paid for Apple Valley Signs to manufacture a large storefront sign for Ministry Ideaz. (See Ex. 2.) This subpoena seeks documents that will likely show that defendants used plaintiff's money to replace the Ministry Ideaz sign now being used by BestLife Gifts.

As for the time period covered by the subpoenas, "to the present" is appropriate because plaintiff's claims encompass defendants' ongoing conduct, such as their efforts to sell the inventory they misappropriated from Ministry Ideaz, and their misapropriation of its customers and goodwill.

Finally, it is not clear what issue defendants have with the subpoena to Steven Chapman. Defendants concede that he is an important witness. Plaintiff has served Mr. Chapman with a subpoena *ad testificandum* and plaintiff is entitled to receive relevant documents from him in advance of his deposition.

Respectfully submitted,

Luis F. Calvo

cc: All counsel of record (*via ECF*)