

August 14, 2019

Gerald N. Jacobowitz**
David B. Gubits**
Howard Protter
Donald G. Nichol**
Larry Wolinsky**
J. Benjamin Gailey
Mark A. Krohn*
John C. Cappello
George W. Lithco
Michele L. Babcock
Gary M. Schuster
Marcia A. Jacobowitz
William E. Duquette
Kara J. Cavallo
Andrea L. Dumais
Kelly A. Pressler
Robert M. Lefland
Christopher J. Cardinale
Michael Wagner
Marissa G. Weiss

_____

*LLM IN TAXATION
**OF COUNSEL

REPLY TO:
158 Orange Avenue
P.O. Box 367
Walden, NY 12586
tel. (845) 778-2121
fax (845) 778-5173

548 Broadway
Monticello, NY 12701
tel. (845) 791-1765
fax (845) 794-9781

JACOBOWITZ.COM

Hon. Kenneth M. Karas
U.S. District Court
300 Quarropas Street
White Plains, New York 10601-4150

Re:    Holland v. Matos
        Case No. 7:18-cv-06697
        Our file no. 13571-001

Honorable Sir:

      I write pursuant to your Rules of Practice. This office represents the individual defendants as well as their business.

      After a status/discovery conference on August 12, 2019 with Magistrate Judge McCarthy, who indicated that this motion be made to you, I write to request a pre-motion conference for this office to be relieved as counsel to the defendants. The issue of the non-payment of our fees was raised in open court, in the context of considering settlement rather than continuing the litigation, and discussed with both Magistrate Judge McCarthy and counsel for the plaintiff. As will be explained below, I will also be requesting a stay of all pending discovery.

      This application will be made pursuant to Local Civil Rule 1.4. As will be set forth in more detail in the motion, our legal fees are not being paid. Under caselaw applying Local Rule 1.4, non-payment of our legal fees is a satisfactory reason for relieving this office from further representation. See, e.g., *In re Terrorist Attacks,* 2019 U.S. Dist. LEXIS 56002, 243. I request that the invoices rendered by this office to our clients be reviewed *in camera.*

      While the fees that have already been incurred are substantial, they [virtually] pale in comparison to what lay ahead. At the conference, there was discussion about a need for additional paper discovery from the defendants. I raised as well the fact that a timely demand by the defendants to the plaintiff for the paper documentation regarding proof of the monetary damages has not been answered other than that it will be searched for. The point is that if it were only the paper discovery which remains, the expenses to the individual defendants will be drastic.

| | |
|---|---|
| To: Hon. Kenneth M. Karas<br>U.S. District Court | August 14, 2019<br>Page 2 |

    There is a deposition scheduled for a non-party witness on August 29, 2019 to take place in Midland, Texas. On five separate days in mid-September, the plaintiff, the two individual defendants, the corporate defendant, the wife of the plaintiff and then a non-party employed by the defendants are scheduled to be deposed. The preparation and review of the voluminous amount of documents, emails, WhatsApp "conversations", audio recordings of the plaintiff made by the plaintiff and more, already disgorged by both sides in this litigation, will be substantial. The travel time and conducting of these depositions will be an amount of money that to these defendants is more than substantial.

    As I was dictating this letter yet another notice for a deposition of one of the defendants was served.

    Addressing Local Civil Rule 1.4, the posture of the case is that some paper discovery still needs to be exchanged. Depositions and possible expert reports remain outstanding. The case is not on the trial calendar of this Court. While I want to do nothing which would adversely affect the defense of my clients, I will need to assert a retaining lien. We will ask this Court to fix the fees due to us as detailed in our most recent invoice. *Patel Vision of Greater New York v. Sheridan*, 766 F. 2d 92 (2d Cir., 1985).

    It is respectfully submitted that no prejudice will result should a stay be granted. The stay is necessary, should the motion be granted, for the defendants to obtain new counsel and otherwise consider their options. Without discussing the merits of the case, what the plaintiff seeks is, *inter alia*, money damages of at least $1,300,000.00. What remains to be done will neither be adversely effected by nor will prejudice result should there by a stay of further proceedings.

    For all these reasons, it is respectfully requested that the Court schedule a pre-motion conference or grant leave to this office to seek to be relieved as counsel for the defendants. Pursuant to the Local Rule, this letter has been served by regular mail and certified mail, return receipt requested upon my clients.

    Respectfully submitted,

    Robert M. Lefland

RML/rmc

cc:    Luis F. Calvo, Esq.
        Joshua Katz, Esq.
        Clients - via CMRRR #7011 1150 0002 3668 3059 and regular mail