UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GREG HOLLAND,

*Plaintiff,*

-against-

THOMAS MATOS, NANCI MATOS and
BESTLIFE GIFTS LLC,

*Defendants.*

-------------------------------------------------------------------x

**AFFIRMATION IN SUPPORT
OF MOTION TO BE
RELIEVED**

Case No. 18 Civ. 6697 (KMK)
(JCM)

I, ROBERT M. LEFLAND, ESQ., hereby affirms the truth of the following:

1.      I am an attorney duly admitted to practice law in the United States District Court for the Southern District of New York and in the Courts of this state and am Senior Counsel at Jacobowitz & Gubits, LLP, attorneys for defendants. I am familiar with the facts contained herein based upon my review of the file.

2.      This application is made by the law firm of Jacobowitz and Gubits as counsel for the defendants, pursuant to Local Civil Rule 1.4. We seek to be relieved by order of this Court. According to the Rule, an Order to be relieved may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien. The Rule continues that all applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

3.      To start at the end, this application is being served electronically so it is being served upon all other parties *i.e.* counsel for the plaintiff, and we are asking that the Court direct that it be served by certified mail, return receipt requested upon our clients. The pre-motion conference request letter was likewise served upon my clients by certified mail, return receipt requested and it was received.

4.     The truth of the matter is that I have been in constant contact with my clients to discuss both the merits of the case as well as the outstanding balance.  Without revealing any confidential information, my clients are well aware of the issues present in the case together with the fact that there is an outstanding invoice.  In fact, when counsel were in front of Judge McCarthy several weeks ago and this issue was brought up in open court, Judge McCarthy inquired about our bill and I responded that it was going up as I was speaking.

5.     The relationship between this office and our clients is satisfactory  but for the fact that we are not being paid.  While research does not reveal any Second Circuit cases directly addressing this issue, non-payment of fees have been held to be a satisfactory reason under Local Rule 1.4.  *In re Terrorist Attacks,* 2019 U.S. Dist. LEXIS 56002 at 243.

6.     I have attempted to work with these clients yet they have made it clear that payment of our invoice is simply not something that is possible.  I have had meetings and conversations with them about the fact that in order for us to continue to represent them we need our invoice brought current. The clients have made it clear that they simply cannot do so as their financial situation does not allow for it.

7.     The current outstanding balance due to this office is $25,762.00.  This includes a past due amount of $21,199.32.

8.     If this Court does not grant leave to this office to be relieved as counsel, this bill will, for the following reasons all related to pending discovery, grow in leaps and bounds.

9.     There is presently pending a deposition of a non-party witness which is going to be taken in Midland, Texas scheduled for August 29, 2019.  In mid-September the party depositions, each scheduled for an individual day, as well as that of two non-parties are scheduled to be held.

10.     As the Court might infer, the preparation alone required for these depositions, not to mention the fees of traveling and staying in Texas coupled with the time spent for the depositions

themselves, will be well into the five figures.

11.     To address now the posture of the case. It is not on this Court's trial calendar. Paper discovery is still being exchanged and was the subject of an August 12, 2019 status conference.

12.     This firm is seeking a retaining lien before the boxes and boxes of documents and files, both paper and electronic, are released from this office. It is respectfully requested that this Court review the invoice, *in camera,* as there are time entries which address elements of the case, which should not be disclosed. If so directed, we will provide those invoices to this Court by regular mail.

13.     A stay is necessary as, given the enormous amount of discovery that is still outstanding, the defendants will be severely prejudiced if they are forced to proceed without counsel. It is respectfully requested that a reasonable amount of time be provided to the defendants to consider any further course of action which includes obtaining new counsel or a possible bankruptcy filing. Judge McCarthy has directed that the depositions be concluded by September 13, 2019, a date which is now unrealistic given the circumstances. While both sides have been meeting and conferring about all that still needs to be accomplished, the issue of our legal fees has become a hindrance. In fact, while preparing this application, a witness employed by BestLife Gifts appeared at this office to drop off documents. Again, the fees go up as I prepare this case all with the knowledge that my clients cannot pay for the legal services provided.

14.     No prior application for the relief requested herein has been made.

WHEREFORE, it is respectfully requested that (1) this Court stay any further proceedings in this matter subject to the further Order of this Court; (2) that the office of Jacobowitz & Gubits, LLP be relieved as counsel in light of the failure of our clients to pay our duly rendered legal bills; (3) that the

Court determine what the appropriate retaining lien should be, and (4) extend the time for discovery and

for such other and further relief as to this Court may seem just, proper and equitable.

_____
ROBERT M. LEFLAND

T:\DOCS\13571\001\1NN0623.WPD/RMC