UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREG HOLLAND,

                Plaintiff,

       -v-

THOMAS MATOS, *et al.*,

                Defendants.

No. 18-CV-6697 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff Greg Holland ("Plaintiff") brings this Action, pursuant to state law and the Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that Thomas Matos ("Thomas"), Nanci Matos ("Nanci"; together with Thomas, the "Matoses"), and BestLife Gifts LLC ("BestLife"; together with the Matoses, "Defendants") stole Plaintiff's investment and interest in Ministry Ideaz LLC ("Ministry Ideaz"), and used Ministry Ideaz's inventory and cash to establish BestLife as a competing business. (Compl. (Dkt. No. 1).) Before the Court is the Matoses' Application for the Court to Request Pro Bono Counsel (the "Application"). (Application for the Court to Request Pro Bono Counsel ("Appl.") (Dkt. No. 84); Application To Proceed Without Prepaying Fees or Costs ("IFP Appl.") (Dkt. No. 86).) For the reasons that follow, the Application is denied without prejudice.

      Plaintiff filed his Complaint on July 25, 2018. (Compl.) On August 23, 2018, Defendants submitted their Answer and Counterclaims, which was signed by attorney Robert Lefland. (Dkt. No. 14.) Mr. Lefland subsequently filed BestLife's Rule 26 Disclosure, (Dkt. No. 16), and several letters on behalf of Defendants, (Dkt. Nos. 18, 28, 30, 34, 35). On August 26, 2019, Mr. Lefland filed a Proposed Order To Show Cause and accompanying Affirmation in which he requested an order relieving him as counsel for Defendants. (Dkt. Nos. 38, 39.) Mr.

Lefland explained that Defendants' "outstanding balance due . . . was $25,762," and that Defendants had "made it clear that . . . their financial situation does not allow" for further payment. (Dkt. No. 39 ¶¶ 6, 7.) The Court entered the Order To Show Cause, (Dkt. No. 40), conducted a hearing, (Dkt. (minute entry for Oct. 24, 2019)), and on October 24, 2019 relieved Mr. Lefland as counsel, providing BestLife 60 days to find replacement counsel, (Dkt. Nos. 47, 48). On December 19, 2020, attorney Michael Cohen entered a limited appearance at the request of the New York Legal Assistance Group's ("NYLAG's") Legal Clinic for Pro Se Litigants to take and defend depositions on behalf of Defendants. (Dkt. No. 51.) On February 4, 2020, Mr. Cohen filed an amended notice of appearance "for the limited purpose of completing fact discovery." (Dkt. No. 58.) On September 8, 2020, Judge McCarthy terminated Mr. Cohen as counsel for Defendants. (Dkt. No. 83.) On October 21, 2020, Judge McCarthy certified that discovery was complete, and closed the referral to her of this Action. (Dkt. (minute entry for Oct. 21, 2020).)[1]

On February 17, 2021, the Matoses filed the Application. (Appl.) The Court the next day denied the Matoses' request without prejudice, allowing them to "re-file their application along with a Request to Proceed in Forma Pauperis [("IFP")] showing their financial status." (Dkt. No. 85.) The Matoses filed their request to proceed IFP, (IFP Appl.), which the Court deemed to incorporate the Application, (Dkt. No. 87), and provided a deadline for Plaintiff to

---

[1] Coincidentally, October 21, 2020 was also BestLife's deadline for retaining counsel. (*See* Dkt. (minute entry for Sep. 21, 2020).) The docket does not indicate that BestLife has retained counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) ("[A] limited liability company also may appear in federal court only through a licensed attorney."). Nor does it indicate that Plaintiff has sought a default judgment against BestLife. *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) (citing *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975)) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55 . . . .").

2

submit his views, if any, (*id*.).  On April 15, 2021, Plaintiff submitted a letter "offer[ing] no view" on the Matoses' Application, but expressing "concerns about the accuracy of the financial information provided."  (Dkt. No. 88.)  The Court ordered the Matoses to reply to this letter, (Dkt. No. 89), which they did on April 19, 2021, (Dkt. No. 90).

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of counsel is appropriate, the Court undertakes a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).  First, the Court "'determine[s] whether the indigent's position seems likely to be of substance.'"  *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citation and quotation marks omitted)).  In other words, the applicant's position must not be so "highly dubious" that he or she appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (citation omitted).  In making this determination, the Court construes pro se litigants' submissions liberally, and interprets them to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

If the threshold requirement is met, the Court proceeds to consider other prudential factors such as the litigant's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any

3

special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the [litigant] be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A [litigant] requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (citation and quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

The Application must be denied, for three reasons. First, it does not establish that the Matoses were unable to retain counsel. It states that they "made an appointment [with NYLAG] which . . . yield[ed] an attorney willing to help with depositions only[—]Michael Cohen . . . ." (Appl.) The Application does not indicate whether the Matoses have made further inquiries of NYLAG or other providers of pro bono counsel after Mr. Cohen's limited appearance concluded. (*See* Dkt. No. 83 (indicating September 8, 2020 termination of Mr. Cohen).) *See Moritz v. Town of Goshen*, No. 15-CV-5424, 2015 WL 13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (denying application to request pro bono counsel where it was "unclear how many lawyers [the pro se defendant] ha[d] contacted and whether she ha[d] fully exhausted all possible efforts to obtain counsel"). Second, the Matoses have "made no showing or arguments to support a finding that [their] application satisfies the first *Hodge* factor—that any of [their] defenses or counterclaims"

4

are likely to be of substance. *Id*. Third, the Application does not establish the prudential factors discussed in *Hodge*. Courts often refer to these factors in appointing counsel for trial. *See, e.g.*, *Sanchez v. City of New York*, No. 18-CV-1259, 2020 WL 7022462, at *2 (S.D.N.Y. Nov. 30, 2020) (appointing counsel because the "claims [would] likely require extensive evidentiary presentation at trial, including direct examination . . . and cross examination" and "English is [the pro se litigant's] second language"); *Kelly v. Am. Museum of Nat. Hist.*, No. 98-CV-3589, 1998 WL 717446, at *1 (S.D.N.Y. Oct. 14, 1998) (appointing counsel and concluding that the applicant's "case [would] certainly involve factual disputes and [was] likely to depend on conflicting evidence that requires cross-examination"); *Brown v. Van Camp Co.*, No. 87-CV-2567, 1989 WL 19145, at *2 (S.D.N.Y. Mar. 3, 1989) (appointing counsel where "facts [were] likely to be contested" and "an attorney would be best able to present any medical evidence necessary to prove the extent of plaintiff's injuries and the resultant damages"). Here, the Matoses focus on Plaintiff's representation, noting that he is "retaining two law firms." (Appl.) They make no showing related to the *Hodge* factors: that the trial will be too complicated, that it will involve factual disputes requiring cross-examination, or that they will be unable to advocate for themselves. *See Jackson v. Francis*, 646 F. Supp. 171, 172 (E.D.N.Y. 1986) (declining to appoint counsel where the pro se litigant was able to "adequately to present his case at trial even without the assistance of counsel," in part due to "the straightforward and relatively simple nature of the legal and factual issues [to] be presented at trial").

For the reasons stated above, the Matoses' application for the Court to request assignment of pro bono counsel is denied without prejudice. The Matoses may renew their request and provide the Court with additional information.

SO ORDERED.

Dated: April 23, 2021
       White Plains, New York

                                                 KENNETH M. KARAS
                                           United States District Judge