UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREG HOLLAND,

                             Plaintiff,

                -v-

THOMAS MATOS, *et al.*,

                             Defendants.

No. 18-CV-6697 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Greg Holland ("Plaintiff") brings this Action, pursuant to state law and the Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging that Thomas Matos ("Thomas"), Nanci Matos ("Nanci"; together with Thomas, the "Matoses"), and BestLife Gifts LLC ("BestLife"; together with the Matoses, "Defendants") stole Plaintiff's investment and interest in Ministry Ideaz LLC ("Ministry Ideaz"), and used Ministry Ideaz's inventory and cash to establish BestLife as a competing business.  (Compl. (Dkt. No. 1).)  Before the Court is the Matoses' renewed application for the Court to request pro bono counsel (the "Renewed Application").  (Letter from T. Matos to Court (May 27, 2021) ("Renewed Appl.") (Dkt. No. 96).)  For the reasons that follow, the Renewed Application is denied.

On April 23, 2021, the Court denied the Matoses' initial application for the Court to request appointment of pro bono counsel.  (Order ("April Order") (Dkt. No. 91).)[1]  It did so because the Matoses failed to explain their efforts to retain pro bono counsel, why their defenses and counterclaim were likely to be of substance, and why the Matoses would be unable to defend themselves.  (*Id.*)  The Court denied the application without prejudice, and invited the Matoses to

_____

[1] The Court assumes familiarity with the April Order, and omits the procedural history discussed therein.

renew their request "and provide the Court with additional information." (*Id.*)  On April 27,

2021, the Matoses submitted a letter asking which documents they should submit to the Court.

(Dkt. No. 92.)  On April 29, 2021, the Court endorsed the Matoses' letter, stating that it could not

give legal advice.  (Dkt. No. 93.)  On May 6, 2021, the Matoses submitted a renewed application.

(Dkt. No. 94.)  The Court denied this request the following day.  (Dkt. No. 95.)  It noted that,

"[t]o succeed, the Matoses will at minimum need to address all three of [the problems identified

in the April Order]" and that the Matoses' application did "not attempt to address any of them."

(*Id.*)  The Matoses submitted the Renewed Application on May 27, 2021.  (Renewed Appl.)

  Although there is not a constitutional right to counsel in civil cases, the Court has the

authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  "Broad discretion

lies with the district judge in deciding whether to appoint counsel pursuant to this provision."

*Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment

of counsel is appropriate, the Court undertakes a two-step inquiry.  *See Ferrelli v. River Manor*

*Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).  First, the Court "'determine[s] whether the

indigent's position seems likely to be of substance.'"  *Id.* (quoting *Hodge*, 802 F.2d at 61); *see*

*also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for

appointment of counsel by asking first whether the claimant has met a threshold showing of

some likelihood of merit." (citation and quotation marks omitted)).  In other words, the

applicant's position must not be so "highly dubious" that he or she appears to have no chance of

success.  *Hodge*, 802 F.2d at 60 (citation omitted).  In making this determination, the Court

construes pro se litigants' submissions liberally, and interprets them to raise the strongest

arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006).

If the threshold requirement is met, the Court proceeds to consider other prudential factors such as the litigant's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the [litigant] be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A [litigant] requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (citation and quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

The Renewed Application makes a stronger showing of the Matoses' efforts to retain counsel, and of the likelihood that their defenses and counterclaim will be of substance.  (*See* Renewed Appl. 1–2.)  However, these factors do not outweigh the *Hodge* factors discussed below.  *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *Wilson v. Hendel*, No. 00-

3

CV-6458, 2011 WL 4703117, at *3 (W.D.N.Y. Oct. 4, 2011) (denying an application for the court to request appointment of counsel even though "[c]onflicting evidence implicating the need for cross-examination [would] likely be the major proof presented to the fact finder"); *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011) (concluding that "[e]ven if [the plaintiff] could demonstrate that her claim ha[d] merit, other factors militate[d] against appointing counsel").

The Renewed Application fails, however, because it does not establish the prudential factors discussed in *Hodge*.  The Matoses make three arguments.  First, the Matoses claim that there will be factual disputes requiring cross-examination.  (Renewed Appl. 2.)  The Court accepts this claim as true.  However, while it helps the Renewed Application, "this factor, alone, is not sufficient to warrant appointing counsel." *Falls v. Pitt*, No. 16-CV-8863, 2020 WL 2097626, at *7 (S.D.N.Y. May 1, 2020) (quoting *Worthy*, 2011 WL 1044242, at *2).  Second, the Matoses claim that Plaintiffs have competent counsel.  As discussed in the April Order, their adversary's use of counsel is unrelated to the *Hodge* factors.  (April Order 5.)  *See Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012) (noting that a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel"); *West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alterations omitted)).  Third, the Matoses argue that counsel is required to navigate the case's high volume of documents and depositions.  (Renewed Appl. 2.)  But the Matoses have not met their burden of showing that they cannot defend themselves.  The Renewed Application identifies two central disputes: whether the contract between the Parties is valid, and whether Plaintiffs defamed Defendants.  (Renewed Appl. 2.)  These claims "are not so complex or unique that a person of

4

[the Matoses'] intelligence would be unable to handle them." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013).  The Matoses "likely ha[ve] a good command of the relevant facts because the underlying factual dispute relates to financial arrangement and deals made by Mr. [Matos] himself and businesses he owns or has owned." *LS Home Servs., Inc. v. Blackman Plumbing Supply Co*., No. 10-CV-1984, 2012 WL 13098292, at *2 (E.D.N.Y. Nov. 2, 2012).  And the Matoses have "demonstrated [their] ability to present the case [themselves] through [their] submissions in this Action that adequately express [their] arguments and desired forms of relief." *Falls v. Pitt*, No. 16-CV-8863, 2020 WL 2097626, at *7 (S.D.N.Y. May 1, 2020).  "Volunteer lawyer time is a precious commodity," and "courts should not grant . . . applications [for appointment of pro bono counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  In light of the limited complexity of the case, the Court is not convinced that appointing counsel for the Matoses would be a wise use of these limited resources. *See Jackson v. Francis*, 646 F. Supp. 171, 172 (E.D.N.Y. 1986) (declining to appoint counsel where the pro se litigant was able to "adequately to present his case at trial even without the assistance of counsel," in part due to "the straightforward and relatively simple nature of the legal and factual issues [to] be presented at trial").

For the reasons stated above, the Matoses' application for the Court to request assignment of pro bono counsel is denied.  The Court will hold a telephonic pre-trial status conference on September 13, 2021, at 12:30PM.

SO ORDERED.

Dated: July 26, 2021
          White Plains, New York

_____
    KENNETH M. KARAS
    United States District Judge

5