**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GREG HOLLAND, | 18 Civ. 6697 (KMK) (JCM) |
| Plaintiff, | **JOINT PROPOSED** |
|  | **PRETRIAL ORDER** |
| v. |  |
| THOMAS MATOS, NANCI MATOS and BESTLIFE GIFTS LLC, |  |
| Defendants. |  |

Pursuant to Rule V of the Court's Individual Rules and Practices, Plaintiff Greg Holland and Defendants Thomas Matos and Nanci Matos respectfully submits the following Proposed Joint Pretrial Order.

**I.      Full Caption of the Action**

The full caption is *Greg Holland v. Thomas Matos, Nanci Matos and BestLife Gifts LLC*, 18 Civ. 6697 (KMK) (JCM).

**II.      Trial Counsel**

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Luis F. Calvo | None. |
| Munoz-Lopez & Associates, PLLC |  |
| 1140 Avenue of the Americas, FL 9th |  |
| New York, NY 10036 |  |
| tel. (646) 512-5847 |  |
| fax (646) 512-5603 |  |
| luis@munoz-lopez.com |  |
|  |  |
| Joshua B. Katz |  |
| Kent, Beatty & Gordon, LLP |  |
| Eleven Times Square, 10th Floor |  |
| New York, New York 10036 |  |
| Phone: (212) 421-4300 |  |
| Fax: (212) 421-4303 |  |
| jbk@kbg-law.com |  |

III.     **BASIS OF SUBJECT MATTER JURISDICTION**

   A.     **Plaintiff's Statement as to the Basis for Subject Matter Jurisdiction**

   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

   B.     **Defendants' Statement as to the Basis for Subject Matter Jurisdiction**

   None provided.

IV.     **STATEMENTS OF CLAIMS AND DEFENSES REMAINING TO BE TRIED**

   A.     **Plaintiff's Statement of Claims and Defenses Remaining to be Tried**

   Plaintiff's claims against Thomas Matos and Nanci Matos that remain to be tried are: (i) breach of contract; (ii) breach of fiduciary; (iii) breach of LLC manager duties; (iv) production of books and records; (v) accounting; (vi) unfair competition; and (vi) for a declaratory judgment.

   To the extent Defendants still intend to pursue their counterclaims, all of Plaintiff's defenses to the counterclaims remain to be tried.  Specifically, Plaintiff did not misappropriate funds from Ministry Ideaz, LLC, nor did Plaintiff breach any fiduciary duties owed to Defendants, including by being "disfellowshipped.  Further, pursuant to the Operating Agreement, the Matos Defendants were required to maintain Ministry Ideaz, LLC's books and records and file all taxes. Finally, Plaintiff maintains that the March 5, 2018 "agreement" was procured by duress, undue influence and extortion.

   B.     **Defendants' Statement of Claims and Defenses Remaining to be Tried**

   Defendant's claims against Greg Holland that remain to be tried are: (i) breach of contract; (ii) breach of fiduciary; (iii) production by plaintiff to make a full accounting of all intake and expenditure of company funds (iv) demand to inspect books and records maintained by the plaintiff.

**V.     JURY/NONJURY**

All issues are to be tried by the Court without a jury.  The parties have agreed that up to four trial days may be needed.

**VI.     TRIAL BY MAGISTRATE JUDGE**

Not all parties have consented to trial of the case by a magistrate judge.

**VII.     STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW**

The parties have not agreed to any stipulations of fact or law at this time.

**VIII.   TRIAL WITNESSES**

**A.     Plaintiff's Witness List**

Plaintiff's witnesses are listed on Exhibit 1 hereto.

**B.     Defendants' Witness List**

Defendant's witnesses are listed on Exhibit 2 hereto.

**IX.     DEPOSITION TESTIMONY**

**A.     Plaintiff's Deposition Testimony Designations**

Plaintiff's deposition designations, with Defendants' objections and counter-designations, if any, are listed on Exhibit 3 hereto.

**B.     Defendants' Deposition Testimony Designations**

Defendants' deposition designations are listed on Exhibit 4 hereto.

Plaintiff's Statement:  Defendants first provided the designations on Exhibit 4 to Plaintiff's counsel on November 22, 2021, at 3:31 p.m. EST, in violation of the parties' agreement to exchange designations by November 16.  Consequently, Plaintiff was unable to review Defendants' designations and provide objections and counter-designations.

X.      **EXHIBITS**

    A.      **Plaintiff's Exhibits**

Plaintiff's exhibits are listed on Exhibit 5 hereto, with one star indicating exhibits to which no Party objects on grounds of authenticity, and two stars indicating exhibits to which no Party objects on any ground.

    B.      **Defendants' Exhibits**

Defendants' exhibits are listed on Exhibit 6 hereto, with one star indicating exhibits to which no Party objects on grounds of authenticity, and two stars indicating exhibits to which no Party objects on any ground.

Dated:          New York, New York
                November 22, 2021


_____
Luis F. Calvo
Munoz-Lopez & Associates, PLLC
1140 Avenue of the Americas, FL 9th
New York, NY 10036
(646) 512-5847
luis@munoz-lopez.com

/s/*Joshua B. Katz*_____
Joshua B. Katz
Kent, Beatty & Gordon, LLP
Eleven Times Square, 10th Floor
New York, New York 10036
(212) 421-4300
jbk@kbg-law.com

*Attorneys for Plaintiff*
*Greg Holland*


_____
Thomas Matos
Nanci Matos
1298 Zanzibar Rd SE
Palm Bay, FL 32909
(845) 544-8558
(845) 703-0380
Tbird641@yahoo.com

*Defendants Pro Se*


**SO ORDERED:**

                                 _____
                                 **HONORABLE KENNETH M. KARAS**

                                 Dated:_____