# KENT, BEATTY & GORDON, LLP

**ATTORNEYS AT LAW**

ELEVEN TIMES SQUARE
NEW YORK, NY 10036
PHONE: (212) 421-4300    FAX: (212) 421-4303
WWW.KBG-LAW.COM





Love Letters © Bruce Helander (a client of the Firm) and The Parker Group

**Joshua B. Katz**
jbk@kbg-law.com
New York Bar

August 18, 2022

*Via ECF*
Honorable Kenneth M. Karas
United States District Court
300 Quarropas Street, Courtroom 521
White Plains, NY 10601

**MEMO ENDORSED**

Re:   *Holland v. Matos*, 18 Civ. 6697 (KMK)

Dear Judge Karas:

Enclosed please find plaintiff's proposed judgment in the total amount of $980,446.80, which comprises $699,853.56 in damages, plus prejudgment interest from March 5, 2018, calculated as follows:

| | |
|---|---|
| Undeposited cash sales proceeds (8/4/22 Tr. 92:12-14)………….....… | $69,655.39 |
| Funds looted from company accounts (*id*. 93:6-10)……....………….. | $77,089.15 |
| Sales from online customer list (*id*. 101:8-10)………………………. | $17,878.00 |
| Value of store inventory (*id*. 103:10-13)………....………………..… | $535,231.02 |
| **Total compensatory damages**……………………………………. | **$699,853.56** |
| Prejudgment interest at 9% p.a. from 3/5/18……………………….. | $280,593.34 |
| **Total judgment amount** ......……………………………………... | **$980,446.80** |

We provided a copy of the proposed judgment to defendants' counsel, who has advised us that defendants do not object to the form of the proposed judgment, but that with respect to prejudgment interest and costs, defendants' position is that "the final aggregate amount to be awarded by the Court remains in its discretion, especially with regards to amounts not requested during trial or in your written submissions."  As explained below, plaintiff is entitled to prejudgment interest and taxable costs, and was not required to request either of these during trial or in any other written submission.

### A. Under New York Law, Prejudgment Interest is Mandatory for Defendants' Breaches of Contract and Fiduciary Duty

"In a diversity case, state law governs the award of prejudgment interest." *Schipani v. McLeod*, 541 F.3d 158, 164-65 (2d Cir. 2008).  Under New York law, the prejudgment interest rate is 9% per annum, *see* CPLR 5004, and a plaintiff who prevails on a claim for breach of contract or breach of fiduciary duty is entitled to such prejudgment interest as a matter of right.  *U.S. Naval Inst. v. Charter Comm., Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) ("Under New York law … a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right"); *J. Barrows, Inc. v. Uvino*, 514 F. App'x 23 (2d Cir. 2013) ("The district court erred in failing to award pre-verdict, pre-judgment interest, which is mandatory in New York for both breach of contract and breach of fiduciary claims.") (summary order); *Action*




## KENT, BEATTY & GORDON, LLP
ATTORNEYS AT LAW

Hon. Kenneth M. Karas
August 18, 2022
Page 2

*S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (explaining prejudgment interest mandatory on compensatory damages awarded for breach of fiduciary duty); *Huang v. Sy*, 62 A.D.3d 660, 661 (2d Dep't 2009) ("The Supreme Court properly awarded pre-verdict interest as a matter of right pursuant to CPLR 5001(a) upon the principal sum awarded in connection with the plaintiffs' causes of action to recover damages for fraud and breach of fiduciary duty").

Accordingly, plaintiff is entitled to prejudgment interest on the damages award as a matter of right.

### B. March 5, 2018 is a Reasonable Intermediate Date for Computing Interest

New York law provides that prejudgment "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." CPLR 5001(b). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id*.

For the sake of convenience and simplicity, plaintiff proposes to use March 5, 2018 as a reasonable intermediate date from which all of the damages should start accruing interest. The bulk of the damages are attributable to the $535,231.02 in misappropriated inventory, and that cause of action existed no later than March 5, 2018, when plaintiff was fraudulently induced to sign the "Agreement" purporting to relinquish all of the store's remaining inventory. The other items of damages were incurred on a multitude of dates. The $69,655.39 in missing cash sales proceeds accumulated almost daily throughout the store's existence, with different amounts incurred on each day that the store had any cash sales that were not deposited at the end of the day. (See Exs. 12, 132, 135, 141, 148, 151, 168, 169, 176, 183, 219.) The $77,089.15 was looted on various dates from July 2017 to March 2018. (8/4/22 Tr. 93:6-94:1.) And the $17,878 item of damages is the aggregate of 378 separate sales that BLG made between March 2018 and when it closed at the onset of the Covid-19 pandemic. Thus, March 5, 2018 is a reasonable intermediate date, and indeed, inures to defendants' benefit by, in effect, waiving the interest that accrued on the $69,655.39 and $77,089.15 between July 2017 and March 5, 2018.

### C. There Was No Need to Request Interest or Costs at Trial

With the sole exception of default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "Courts in this Circuit regularly grant a prevailing party's request for prejudgment interest even where the prevailing party did not include the demand in its pleadings, except in the case of default judgements." *In re FKF 3, LLC*, 2018 WL 5292131, at *12 (S.D.N.Y. Oct. 24, 2018); *Stanford Square, LLC v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 291 (S.D.N.Y. 2002) ("In applying [Rule 54(c)], the Second Circuit has clearly established that the prevailing party's failure to request interest in its pleadings does not constitute





# KENT, BEATTY & GORDON, LLP
### ATTORNEYS AT LAW

Hon. Kenneth M. Karas
August 18, 2022
Page 3

waiver of the right to prejudgment interest.  The Second Circuit has even awarded prejudgment interest where the prevailing party never made such a request.") (collecting cases).  Thus, plaintiff was not required to specifically request interest during the trial.

As for costs, Rule 54(d)(1) provides:  "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  This Rule "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).  "The award of costs against the losing party … is the rule rather than the exception," *Mercy v. Cty. of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984), and "the losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).  Here, plaintiff is clearly the prevailing party, *see, e.g., DiBella v. Hopkins*, 407 F. Supp. 2d 537, 541 (S.D.N.Y. 2005), and defendants have not even tried to argue that this is the rare case where a prevailing party should be denied costs.  Accordingly, plaintiff should be deemed the prevailing party entitled to costs.  In accordance with Fed. R. Civ. P. 54(d)(1), plaintiff will present an appropriate bill of costs for taxation by the Clerk within the time specified in Local Civil Rule 54.1.

Respectfully submitted,

Joshua B. Katz

Encl:  Proposed Judgment
cc:  All counsel of record (via ECF)

---

The Court agrees with Plaintiff's position. The Clerk of Court is directed to enter the judgment for Plaintiff and close this case.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

8/19/22